IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MVP Group International, Inc., | ) | |
| | ) | No. 2:12-cv-01114-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Lancaster Colony Corporation and | ) | |
| Candle-Lite, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

   This matter is before the court on plaintiff's objections to a pretrial order issued by the magistrate judge. This case involves allegedly defamatory statements made in February 2012 by defendants that were sent to clients of plaintiff MVP Group International, Inc. (MVP). On August 30, 2012, MVP filed a motion to compel responses to interrogatories and requests for production. The motion was fully briefed by both sides and referred to the magistrate judge for resolution. The magistrate judge held a hearing on the motion to compel on November 16, 2012.

   At the hearing, MVP's motion was orally granted in part and denied in part. The court issued a written order the same day, granting MVP's request to extend the time frame for responses to Interrogatories Nos. 7-8 and Requests to Produce Nos. 5-7 to "January 2, 2008 forward." Dkt. No. 100 at 2. However, the court also stated that "the scope of these responses shall be limited to MVP's use and/or purchase of wax from Iran and/or candles made of wax from Iran." Id. MVP objects to this scope limitation.

   Federal Rule of Civil Procedure 72 allows a party to object to a magistrate judge's order on a pretrial matter not dispositive of the party's claim or defense within fourteen

1

days of being served with the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). MVP's objections were timely filed; therefore, the question is whether the order was clearly erroneous or contrary to law.

The decisions of a magistrate judge concerning discovery disputes are afforded "great deference." In re Outsidewall Tire Litig., 267 F.R.D. 466, 470 (E.D. Va. 2010) (internal quotation marks omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." CSX Transp., Inc. v. Peirce, No. 05-202, 2012 WL 5354544, at *2 (N.W. W. Va. Oct. 29, 2012).

The magistrate judge's order provides MVP with discovery relating to the allegations in this lawsuit spanning more than four years. The order is neither clearly erroneous nor contrary to law. As such, the court **DENIES** plaintiff's objections and **AFFIRMS** the magistrate judge's order.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 29, 2013**
**Charleston, South Carolina**